AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Taylor Michael Wilson
_____
*Petitioner*

v.

Robert Hazlewood, Warden
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: **Talor Michael Wilson**
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution: **FCI Berlin**
    (b) Address: **P.O. Box 9000**
    **Berlin, New Hampshire 03570**
    (c) Your identification number: **47217-044**

3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:
    _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: **United States Court For The District of Nebraska**
    (b) Docket number of criminal case: **4:18-CR-3005/4:18-CR-3074**
    (c) Date of sentencing: **2018**
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____
    _____
    _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☒ Disciplinary proceedings

☐ Other (explain): _____

_____

6.   Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  FCI Berlin  N. Hayden, D.H. O.

(b) Docket number, case number, or opinion number:  _____

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

Found Guilty of Offense Code 108 Possession of Hazardous Tool, Loss of 41 Days Good Time, and six (6) months loss of Commissary.

(d) Date of the decision or action:  May 1, 2020

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Northeastern Region

(2) Date of filing:  May 28, 2020

(3) Docket number, case number, or opinion number:  1036893-R1

(4) Result:  no response in five (5) and half months.

(5) Date of result:  was due June 27, 2020

(6) Issues raised:  The elements of the entire 108 incident category were unknown and unwarranted. The seriousness of the incident were not explained and a charger cannot be construed as an escape, an attempt to escape, and/or a tool used for an escape. It should have been an incident category 331 "non-hazardous contraband"(See exhibit B).

(b) If you answered "No," explain why you did not appeal: _____

_____

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher-authority, agency, or court?

☒ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Central office in washington, DC ( See exhibit C).

(2) Date of filing: June 25, 2020

(3) Docket number, case number, or opinion number: 1035429-A1

(4) Result: Rejected - said it should go to the regional office

(5) Date of result: July 24, 2020

(6) Issues raised: Due Process violation due to Region not responding. The elements must correspond to the wording of the of the incident. A battery charger cannot be construed as a cell-Phone, nor is it an electronic component by itself. The incident report cannot in anyway be construed as an escape, an attempt of an escape, and/or a hazardous tool to be used for an escape, (see exhibit C).

(b) If you answered "No," explain why you did not file a second appeal: _____

9.     **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10.     **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE:    See attachment    Ground One

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
"Possessing manufacturing, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g. hachsaw blade, body armor, maps, handmade rope, or other escape paeaphernalia,...."

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes        ☐ No

GROUND TWO:        See attachment

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

see attachment

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes        ☐ No

GROUND THREE:    see attachment

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
see attachment

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes        ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____ N/A _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____ N/A _____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☒ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not: _____

_____

_____

_____

**Request for Relief**

15. State exactly what you want the court to do:   Wherefore, Petitioner prays this Honorable
Court woulf find that the 41 days of Good Time disallowed should be restored
or at minimum that Petitioner should be afforded another hearing where
the proper infraction category applied, (i.e. 331 Non-hazardous contraband)
and the proper penalty implemented.

Page 8 of 9

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

October 22    2020

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  10/22/2020                    _Taylor Michael Wilson_
                                         *Signature of Petitioner*


                                         _____
                                         *Signature of Attorney or other authorized person, if any*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

TAYLOR MICHAEL WILSON, PRO SE,          )
     Petitioner                               )          Civil Docket No.
                                             )
                                             )          _____
     v.                                       )
                                             )
                                             )
Robert Hazlewood, Warden                 )
     Respondent  .                            )
                                             )
                                             )

## Motion Pursuant To 18 U.S.C. Sec. 2241

## Memorandum of Law in Support

### Jurisdiction

Under 28 U.S.C. Sec.2241(c), habeas jurisdiction "shall not extend to a prisoner unless.... he is in custody in violation of the Constitution or laws or treaties of the United states 28 U.S.C. Sec. 2241(c)(3). A federal court has subject matter jurisdiction under Sec. 2241 (c)(3) if two requirements are satisfied: 1) the Petitioner is in custody and 2) the custody is of the Constitution or laws or treaties of the United States. "28 U.S.C. Sec. 2241 (c)(3): Maleng v. Cook,490 U.S. 488, 490, 109 S. Ct. 1923, 104 L.Ed 2d 540 (1989): 1 James S. Liebman & randy Hertz, federal Habeas Corpus Practice and Procedure Sec. 8.1 (4th ed. 2001). The federal habeas statute requires that the Petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3rd Cir. 2004) (quoting Maleng v. cook,490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed. 2d 540 (1989).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence. Coady v. Vaughn, 533 F.2d 871, 874 (3rd Cir. 1976).

### Procedural Protections

In 28 U.S.C.S. Sec. 2241 proceeding in which pro se federal inmate's disciplinary hearing resulted in loss of good time credits. Loss of good time credits was cognizable claim under

1

Attachment

Ground One: The DHO was insufficiently impartial to satisfy Due Process rights. She did not read the wording of incident category 108 in its entirety to Petition, nor did she explain the meanings of all elements being plead to. A charger(s) does not fit the elements to a category 108.

Ground Two: Fair Notice of charge not a brief description, (i.e. Hazardous tool).

(a) Supporting facts: Incident report did not mention an escape and an escape attempt, or that a hazardous tool could be used for any escape. Nor does the incident report (see exhibit A) mention that the battery charger(s) were in a light that was locked and only staff has access to the tool to open it. Nor does it mention the amount of dust accumulated on the charger(s) to prove they were there a very long time and not currently used. There was no fair notice of charge regarding any link to an escape infraction. Escape is an additional element of the offense and a Charger(s) is not a hazardous tool nor an electronic device as construed by the wording of the 108 infraction. It may connect to an electronic device in this case it was not

Ground Three: Unconstitutional Guilty Plea.

(a) Supporting facts: Petitioner should have had real notice of entire wording regarding an escape and/or attempt escape tied to this infraction, and that they were considering a charger(s) as a escape tool. A plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due Process.

October 22 , 2020

Clerk of the Court
Daniel J. Lynch
United Staes District court
55 Pleasant Street Room 110
Concord, New hampshire 03301-3941

RE: Filing of a 18 U.S.C. sec 2241 Forms, Exhibits, and Memorandum
    of Law in Support.

Dear Clerk, Please find enclosed one (1) original 18 U.S.C. 2241
Forms, Exhibits, And Memorandum of Law in Support with Certificate
of Service. The $5.00 dollar filing fee will be forth-coming.
    Would you please send me a file stamped copy with the docket
number? thank you very much.

                              Respectfully Submitted,

                         By: _Taylor Michael Wilson_____
                              Taylor Michael Wilson
                              47217-044 A1
                              Federal Correctional Institution
                              P.O. Box 9000
                              Berlin, New hampshire 03570

cc:file

**Incident Report/ DHO Hearing**

# Exhibit A

BP-A0288
JAN 17
U.S. DEPARTMENT OF JUSTICE

INCIDENT REPORT

FEDERAL BUREAU OF PRISONS

### Part I - Incident Report

| 1. Institution: FCI Berlin | | | Incident Report Number: 3392544 | |
|---|---|---|---|---|
| 2. Inmate's Name: Wilson, Taylor | 3. Register Number: 47217-044 | 4. Date Of Incident: 4-26-2020 | | 5. Time: 8:10 pm |
| 6. Place Of Incident: A-1, Cell 232 | 7. Assignment: Gen Main 1 | 8. Unit: A-1 | | |
| 9. Incident: Possession, manufacturing, introduction of a cellular phone | | 10. Prohibited Act Code(s): 108 | | |

11. Description Of Incident (Date: April 26, 2020 Time: 8:10 pm Staff become aware of incident):
On 4-26-2020, at approximately 8:10 PM, I was conducting a search of A-1, Cell 232, which was occupied by inmate Wilson, Taylor (Reg. No. 47217-044) and inmate Atwood II, Roger (Reg. No. 06454-067) with the assistance of A-1 Officer T. Couture. During the search, I noted that the large, overhead light appeared to be tampered with. I examined the contents and located two (2) cellular phone chargers. Specifically, both chargers were white, ZTE Travel Chargers, Model STC-A51A-Z. I secured both items, completed a search of the cell with no further contraband findings, and brought the items to the Lieutenant's Office. Both inmates were placed in Special Housing Unit without incident.

| 12. Typed Name/Signature Of Reporting Employee: A. McCormack | 13. Date And Time: 4-26-2020 9:30 pm | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): W. Knight /WK | 15. Date Incident Report Delivered: 04-28-20 | 16. Time Incident Report Delivered: 10:32 |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

"Its mine not my cellie's"

18. A. It is the finding of the committee that you:

____ Committed the Prohibited Act as charged.

____ Did not Commit a Prohibited Act.

____ Committed Prohibited Act Code(s): _____

B. ✓ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. ____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

Referred to DHO due to severity of incident.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

If found guilty by the DHO, UDC recommends disciplinary segregation, loss of commissary and loss of email.

21. Date And Time Of Action: 04/29/2020 12:14 pm (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| Chairman (Typed Name/signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

Instructions: All items outside heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: ORIGINAL-Central File record; COPY-1- DHO; COPY-2- Inmate After UDC Action; Copy-3- Inmate within 24 hours of Part I Preparation.

Prescribed by P5270         Replaces BP-A0288 Of AUG 11

| Part III - Investigation | 22. Date And Time Investigation Began: |
|---|---|

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution: FCI Berlin, NH | Incident Report number: 3392544 |

| | | |
|---|---|---|
| NAME OF INMATE: Wilson, Taylor | REG. NO.: 47217-044 | UNIT: A-1 |

| | |
|---|---|
| Date of Incident Report: 04-26-2020 | Offense Code: 108 |

Date of Incident: 04-26-2020

Summary of Charges: Possession of a Hazardous Tool

**I.    NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **04-28-2020** at (time) **10:32 A.M.** (by staff member) **W. Knight, Acting Lieutenant.**

B. The DHO Hearing was held on (date) **05-01-2020** at (time) **6:32 A.M.**

C. The inmate was advised of the rights before the DHO by (staff member): **R. Cruz, Counselor** on (date) **04-29-2020** and copy of the advisement of rights form is attached.

**II.    STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes **X** No_____.

B. Inmate requested staff representative and ____**N/A**____ appeared.

C. Staff Representative statement:____**N/A**____.

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name)____**N/A**____ was selected.

E. Staff representative ____**N/A**____ was appointed.

**III.    PRESENTATION OF EVIDENCE**

A. Inmate **X** (admits) _____ (denies) _____ (neither) the charge(s).

B. Summary of inmate statement: Inmate Wilson, Taylor #47217-044 admits to the charge and stated: "They're mine. But I'd say they are contraband and not a cellular phone. Atwood had nothing to do with it." Inmate Wilson was informed on the entire language of code 108 to include cellular telephone accessories and he acknowledge he understood.

C. Witnesses:
1. Inmate waived right to witness. Yes **X** No_____.

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):____**N/A**____.

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):____**N/A**____.

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below).____**N/A**____.

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Referral of an Inmate Criminal Matter for Investigation, Memorandums from G. Brown, SIS Technician and T. Couture, Officer, Chain of Custody Logs and Evidence Photographs.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: ____**N/A**____.

**IV.    FINDINGS OF THE DHO**

**X** A. The act was committed as charged.

_____ B. The following act was committed:

_____

_____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

1

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Wilson, Taylor | 47217-044 | 05-01-2020 |

**V.     SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):**

Your due process rights were read and reviewed with you by the DHO and you stated you understood your rights. The DHO noted that you did not receive a copy of your incident report within 24 hours as established by policy. The DHO noted the reason for the delay was due to the report being referred to the AUSA/FBI for possible prosecution. The DHO noted that the AUSA/FBI declined the case and returned the report for administrative processing on April 28, 2020. The DHO noted that the report was released for administrative sanctions on April 28, 2020. The DHO did not feel the delay of this incident report impeded any undue hardship in your ability to defend yourself at this hearing. The DHO notes you did not request a staff representative nor did you request any witnesses. The DHO read aloud the incident report. At no time during the DHO hearing did you raise any procedural issue, request a witness or present written documentation as evidence.

The DHO finds on April 28, 2020, you were charged with violating prohibited act Code 108; Possession of a Hazardous Tool. The DHO does find sufficient evidence to support the prohibited act Code 108; Possession of a Hazardous Tool. Therefore, the prohibited act Code 108; Possession of a Hazardous Tool is upheld.

To support this finding, the DHO relied upon staff member A. McCormack's written account of the incident paraphrased as follows: On 4-26-2020, at approximately 8:10 PM, I was conducting a search of A-1, Cell 232, which was occupied by inmate Wilson, Taylor (Reg. No. 47217-044) and inmate Atwood II, Roger (Reg. No. 06454-067) with the assistance of A-1 Officer T. Couture. During the search, I noted that the large, overhead light appeared to be tampered with. I examined the contents and located two (2) cellular phone chargers. Specifically, both chargers were white, ZTE Travel Chargers, Model STC-A51A-Z. I secured both items, completed a search of the cell with no further contraband findings, and brought the items to the Lieutenant's Office. Both inmates were placed in Special Housing Unit without incident.

The DHO relied upon staff member T. Couture's supporting memorandum paraphrased as follows: On April 26, 2020 at approximately 8:10PM, I was conducting a cell search in the A-1 housing Unit, cell 232 with A. McCormack. The cell was occupied by inmate Wilson, Taylor (Reg.No.47217-044) and inmate Atwood II, Roger (Reg.No.06454-067). During the cell search we opened up the lights fixtures. Two phone chargers where concealed in the light fixture. The phone chargers where secured and brought to the Lieutenant's Office.

The DHO relied upon the Evidence Photograph depicting two white in color, ZTE Travel Chargers, Model STC-A51A-Z.

In addition to the previous written account of the incident, the DHO relied upon your statement during the DHO hearing in which you stated, "They're mine. But I'd say they are contraband and not a cellular phone. Atwood had nothing to do with it." Inmate Wilson was informed on the entire language of code 108 to include cellular telephone accessories and he acknowledge he understood. Inmate Wilson failed to elaborate on how he came to be in possession of these cellular telephone chargers.

Therefore, based on the greater weight of evidence, that being the written account of the incident, evidence provided and your admission, the DHO finds you committed prohibited act of Code 108, Possession of a Hazardous Tool.

**VI.     SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):**
**Code 108:**
**DIS GCT: 41 days.**
**LP Comm: 6 months.**

**VII.     REASON FOR EACH SANCTION OR ACTION TAKEN:**
The action/behavior on the part of any inmate to possess a hazardous tool poses a threat to the health, safety and welfare of not only himself, but that of all other inmates and staff within the institution. In the past, cellular telephones and cell phone accessories created a larger problem for staff to resolve. This type of action/behavior cannot and will not be tolerated. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

2

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Wilson, Taylor | 47217-044 | 05-01-2020 |

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action.  The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| N. Hayden, DHO | | 05-01-2020 |

DHO report delivered to Inmate by: S. Fillion, DHO Secretary/    _____    05-7-2020  8:55 A.M.
                                    Printed Name (Staff)   / Signature      Date and Time

Prescribed by P5270                          Replaces BP-A0304 of AUG 11

3

06/16/2020
RC

...stice                    Central Office Administrative Remedy Appeal

...risons

...all-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attach-
...be submitted with this appeal.

Wilson, Taylor, M          47217-044      A1        Berlin
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL

...ue process is a constitutional right to even inmates, therefore, ignorance is no excuse, (ie. Covid-19, Protests) for the region not to respond to the BP-10. Nevertheless I am appealing the DHO's decision regarding incident Number 3392544. The elements must correspond to the wording of the information. A battery charger cannot be construed as a cellular phone, nor is it an electronic component of a cellular phone, therefore, infraction category 108 is unwarranted. The incident report specifies cannot in anyway be construed as an escape, an attempt to escape, and/or a tool used for an escape. Absolutely not! This incident report should be reduced to an infraction category 331- Non Hazardous Contraband.

Thank you.

6/16/2020
DATE

Without recourse, without Prejudice
by Taylor Michael Wilson
SIGNATURE OF REQUESTER

Part B - RESPONSE

Code 108
hearing 5-1-20

RECEIVED

JUN 25 2020

Administrative Remedy Section
Federal Bureau of Prisons

DATE

ORIGINAL: RETURN TO INMATE

Part C - RECEIPT

GENERAL COUNSEL
CASE NUMBER: 1035429-A1

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

FPI PEPR          PRINTED ON RECYCLED PAPER                    BP-231(13)
                                                              JUNE 2000

BR-10 Filing

# Exhibit B

RECEIPT - ADMINISTRATIVE REMEDY


DATE: AUGUST 4, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : TAYLOR MICHAEL WILSON, 47217-044
      BERLIN FCI     UNT: A UNIT     QTR: A01-232L


THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 1036893-R1
DATE RECEIVED   : MAY 28, 2020
RESPONSE DUE    : JUNE 27, 2020
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 3392544


BP-10

**BP-11**

# Exhibit C

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 24, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : TAYLOR MICHAEL WILSON, 47217-044
      BERLIN FCI    UNT: A UNIT    QTR: A01-232L
      P.O. BOX 69
      BERLIN,  NH 03570


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1035429-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED  : JUNE 25, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,    REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: SEE REMARKS.

REMARKS        : THIS 108 LEVEL DHO MUST START AT THE REGIONAL LEVEL.

Given to inmate on
8/14/20
CCCR Cor MC

BP-11

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW HAMPSHIRE

TAYLOR MICHAEL WILSON, PRO SE,       )          Civil Docket NO.
    Petitioner,                          )
                                 )          _____
                                 )
                                 )
            v.                          )
                                 )
                                 )
Robert Hazlewood, Warden            )
      Respondent.                    )
                                 )

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the_____ day of October, 2020, a true copy of Petitioner's Motion Pursuant to 28 US.C. Sec 2241, Exhibits, and a Certificate Of Service was served upon the following, by mail same, by First Class U.S. Mail, postage prepaid, addressed as follows: Robert Hazlewood, Warden, FCI Berlin, 1 Success Loop Drive, Berlin, New Hampshire 03570.

    This statement is made subject to the penalties of 18 U.S.C. sec. 1621, relating to perjury.

Respectfully submitted,

*Taylor Michael Wilson*
Taylor Michael Wilson
47217-044 A1

sec. 2241: since inmate had constitutionally protected liberty interest in good time credit, inmate facing loss of good-conduct time as a result of infraction was entitled to certain procedural protections in disciplinary proceedings. Millhouse v. Bledsoe, (2012, CA3 Pa) 2012 US App. Lexis 1190.

Because "[p]rison discplinary proceedings are not part of a criminal prosecution.... the full panoply of rights due a defendant in such proceedings does not apply. Wolff v. Mcdonnell, 418 U.S. 539, 556, 94 S. Ct 2963, 41 L.Ed. 2d 935 (1974). Rather, to comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: "advance written notice of the charges against him: a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence: a fair hearing officer; and a written statement of the disposition, including the evidence relied upon and the reason for the discplinary actions taken."

## Requirement of Knowledge

The Supreme Court, in Rebaif v. United States, 588 U.S. No. 17-9560, 2019 WL2552487 (U.S. June 21, 2019), recently held that, in a prosecution under sec. 922(g) and sec. 924 (a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. This reading of the statute is also consistent with a basic principle underlying the criminal law: the importance of showing what Blackstone called "a vicious will." Scienter requirements advance this principle by helping to separate wrongful from innocent acts. That is the case here. The infraction must match the incident category. Without the knowledge, not his conduct alone, that makes the difference. Without the knowledge that the battery chargers were used for any cellular phone, an inmate may lack the intent needed to make his behavior wrongful.

In this case, Petitioner had no idea that the chargers were intended for any escape implement and seriously doubts that they, in fact were. In fact, he still does not understand how that category infraction matches the discplinary guilt.

Rehaif makes it clear that the indictment and allocution are insufficient to sustain a conviction with respect to the charge of Alien in Possession, 18 US.C. sec. 922 (g)(5) and sec. 924 (a)(2). The Supreme Court held that the term "Knowingly" in 18 U.S.C. sec. 924 (a)(2) "applies to both the defendant's conduct and the defendant's status." The Government must prove beyond a reasonable doubt, that the defendant knew he possessed a firearm and that he knew he belonged to a category of persons barred under statute. Here the Government's indictment failed to allege a requirement element- that he knew he was in a category barring him from possessing a firearm. Under recent decision in Rehaif , the indictment in this case does not charge a crime.

2

Without knowledge of contraband the defendant may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which discplinary sanctions normally do not attach. Cf. O. Holmes, The Common Law 3 (1881) ("even a dog distinguishes between being stumbled over and being kicked").

Wherefore, Petitioner prays this Honorable Court would find that the 41  days of Good Time Disallowed should be restored, or at minimum that Petitioner should be afforded another hearing where the proper infraction category applied (i.e. possession of contaband)and the proper penalty implemented.

Further, Petitioner prays this Honorable Court would grant Petitioner all relief to which he might be entitled and any other relief this Court deems just and fair.

Respectfully Submitted,

Date: 10/22/2020

Taylor Michael Wilson
47217-044 A1
FCI Berlin, P.O. Box 9000
Berlin, New Hampshire 03570

3